IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT PAUL,

      Plaintiff,                    No. CIV S-04-1589 DFL GGH P

   vs.

T. GUZMAN, et al.,

      Defendants.         <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 11, 2005, the court granted defendants' motion to dismiss plaintiff's claims challenging the indigent mail policy and the delay in the processing of his legal mail. The court ordered that if plaintiff did not file a second amended complaint within thirty days, defendants were to file a response to plaintiff's claim regarding the inspection of his incoming and outgoing legal mail.

        After several delays, plaintiff filed a second amended complaint on March 8, 2006. Named as defendants are Theresa Guzman and Tom Carey, who both acted as Wardens at California State Prison-Solano. The second amended complaint states a colorable claim for relief against defendant Guzman.

/////

The second amended complaint contains no allegations against defendant Carey.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Carey to the alleged deprivations, the court will separately recommend dismissal of the claims against defendant Carey.

/////
/////
/////
/////

1       Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of
2 this order, defendant Guzman shall file a response to the second amended complaint filed March
3 8, 2006.
4 DATED:  6/23/06

                                                  /s/ Gregory G. Hollows

                                                  GREGORY G. HOLLOWS
                                                  UNITED STATES MAGISTRATE JUDGE

ggh:kj
guz1589.ame